# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 50027 - 1 | **DATE** | 7/17/2003 |
| **CASE TITLE** | USA vs. Gregory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for a bill of particulars

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for a bill of particulars is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 21 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 22 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7-17-03 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendant, Nathan Gregory, has been charged in a three-count indictment with attempting to possess with intent to distribute cocaine (Count I) and illegally possessing a firearm as a convicted felon (Counts II - III), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1), respectively. Before the court is Gregory's motion for a bill of particulars, filed pursuant to Federal Rule of Civil Procedure 7(f).

As an initial matter, Gregory's motion is untimely and could be denied for that reason alone. Rule 7 requires a defendant to file a motion for a bill of particulars within ten days from the date of arraignment. Fed. R. Crim. P. 7(f). In this case, Gregory was arraigned on April 28, 2003 but did not file the present motion until June 25, 2003, almost two months after his arraignment. Nevertheless, Rule 7(f) gives the court discretion to allow a defendant to file a motion for a bill of particulars "at a later time," so the court will consider Gregory's motion on its merits.

The decision to require a bill of particulars is within the sound discretion of the district court and is made by determining whether the indictment sufficiently apprizes the defendant of the charges to enable him to prepare for trial. See United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991), cert. denied, 504 U.S. 910 (1992). This requires only that the defendant be informed of the nature of the offenses charged to allow him to prepare a defense and to protect his double jeopardy rights; the government need not reveal the details of how it plans to prove its case. See United States v. Glecier, 923 F.2d 496, 502 (7th Cir.), cert. denied, 502 U.S. 810 (1991).

As to Count I, Gregory argues the indictment is insufficient because it does not specify "what substantial step" he took when attempting to possess cocaine with the intent to distribute. He argues Counts II and III are similarly defective because they do not allege "when and where" he possessed the weapons at issue or whether possession was of the actual or constructive type. In the court's opinion, however, Gregory demands too much of the indictment. There is no requirement, and Gregory cites no case law to the contrary, that an indictment must allege the substantial step of an attempt charge or the "when and where," let alone whether possession is actual or constructive, on a felon-in-possession charge. As it stands, the indictment alleges the specific dates involved, the types of weapon and their serial numbers, and most importantly, all of the necessary elements of the respective offenses charged. This, combined with the government's open door discovery policy (pursuant to which Gregory himself admits he has received written discovery and audio taped conversations), is enough to put Gregory on notice of the government's theory of its case and allow him to prepare a defense. See Canino, 949 F.2d at 949; Glecier, 923 F.2d at 502; United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982); United States v. Bartelt, No. 96 CR 50034, 1997 WL 436229, at *7 (N.D. Ill. July 7, 1997) (Reinhard, J.).